IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2010 SEP 21  PM 2: 45

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
                    DEPUTY

| | | |
|---|---|---|
| CROSSROADS SYSTEMS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 1:10-CV-652-SS |
| v. | § | |
| | § | JURY DEMANDED |
| (1) 3PAR, INC., | § | |
| (2) AMERICAN MEGATRENDS, INC., | § | |
| (3) RORKE DATA, INC., | § | |
| (4) D-LINK SYSTEMS, INC., | § | |
| (5) CHELSIO COMMUNICATIONS, INC., | § | |
| (a Delaware Corporation), | § | |
| (6) DATACORE SOFTWARE | § | |
| CORPORATION, | § | |
| (7) ISTOR NETWORKS, INC., and | § | |
| (8) CHELSIO COMMUNICATIONS, INC., | § | |
| (a California Corporation), | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF CROSSROADS SYSTEMS, INC.'S
FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

## THE PARTIES

1.      Plaintiff Crossroads Systems, Inc. ("Crossroads") is a corporation incorporated under the laws of the State of Delaware and has its principal place of business at 11000 North MoPac Expressway, Austin, Texas 78759.

2.      Upon information and belief, Defendant 3PAR, Inc. ("3PAR") is a Delaware corporation with a principal place of business of 4209 Technology Drive, Fremont, CA 94538.

3.      Upon information and belief, Defendant American Megatrends, Inc. ("American Megatrends") is a Georgia corporation with a principal place of business of 5555 Oakbrook Parkway, Suite 200, Norcross, GA 30093.

4.      Upon information and belief, Defendant Rorke Data, Inc. ("Rorke") is a Minnesota corporation with a principal place of business of 7626 Golden Triangle Drive, Eden Prairie, MN 55344-3742.

5.      Upon information and belief, Defendant D-Link Systems Inc. ("D-Link") is a California corporation with a principal place of business of 17595 Mt. Herrman Street, Fountain Valley, California 92708.

6.      Upon information and belief, Defendant Chelsio Communications, Inc. ("Chelsio") is a Delaware corporation with a principal place of business of 370 San Aleso Ave, Suite 100, Sunnyvale, CA 94085.

7.      Upon information and belief, Defendant DataCore Software Corporation ("DataCore") is a Florida corporation with a principal place of business of 6300 NW 5th Way, Fort Lauderdale, FL 33309.

8.      Upon information and belief, Defendant iStor Networks, Inc. ("iStor") is a California corporation with a principal place of business of 7585 Irvine Center Drive, Suite 250, Irvine, CA 92618.

9.      Upon information and belief, Defendant Chelsio Communications, Inc. ("Chelsio-CA") is a California Corporation with a principal place of business of 370 San Aleso Avenue, Suite 100, Sunnyvale, California 94085.

## JURISDICTION AND VENUE

10.      This action arises under the laws of the United States, more specifically under 35 U.S.C. § 100, *et seq.*  Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338.

11.     Upon information and belief, each Defendant has transacted business in this district and each Defendant has sufficient contacts with this judicial district to subject itself to the jurisdiction of this Court.  Personal jurisdiction and venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

## COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 6,425,035

12.     Crossroads incorporates by reference the allegations set forth in the preceding paragraphs.

13.     On July 23, 2002, United States Patent No. 6,425,035 (the "'035 Patent") was duly and legally issued.  A true and correct copy of the '035 Patent is attached hereto as Exhibit A.  Crossroads is the assignee and the owner of all right, title, and interest in and to the '035 Patent.  The '035 Patent is entitled to a presumption of validity.

14.     Each of the Defendants has directly infringed the '035 Patent.  On information and belief, the Defendants continue to directly infringe the '035 Patent.

15.     Specifically, each of the Defendants has directly infringed the '035 Patent by making, using, offering for sale, selling and/or importing into the United States certain of their products including at least the following:  3PAR InServ Storage Servers models F200, F400, T400, T800, E200, S400, S800 and the 3PAR Inform Operating System (3PAR); StorTrends 3200i IP-SAN Appliance, StorTrends 3200ia IP-SAN Appliance, StorTrends 3200ib IP-SAN Appliance, StorTrends 2400i IP-SAN Appliance, StorTrends 2400im IP-SAN Appliance, StorTrends 1300i IP-SAN Appliance, StorTrends 1300ia IP-SAN Appliance, StorTrends 1300ib IP-SAN Appliance, StorTrends 3100i IP-SAN Appliance, StorTrends 2200i IP-SAN Appliance, StorTrends 2300i IP-SAN Appliance, StorTrends 1110i IP-SAN Appliance (American Megatrends); Galaxy Aurora Appliance, Galaxy Aurora LS Appliance, Galaxy HDX3

Appliance, Galaxy HDX2 Appliance, Galaxy 3G Appliance (Rorke); DSN-5110-10 iSCSI SAN

Array, DSN-5210-10 iSCSI SAN Array, DSN-5410-10 iSCSI SAN Array, DSN-3400-10 iSCSI

SAN Array, DSN-3200-10 iSCSI SAN Array, DSN-2100-10 iSCSI SAN Array, DSN-1100-10

iSCSI SAN Array, DSN-3400-20 iSCSI SAN Array, DSN3200-20 iSCSI SAN Array (D-Link);

USR-1100 Unified Storage Router, Unified Storage Server Software, iSCSI Initiator/Target

Software (Chelsio and Chelsio-CA); SANMelody Software, SANSymphony Software, and

Virtual SAN Appliance Software (DataCore); and iS105 Desktop iSCSI Storage System, iS316

iSCSI Storage Appliance, iS325 iSCSI Storage System, iS512 iSCSI Storage System, iS512-10G

iSCSI Storage System, iStor iS32x GigaStor Array, iStor GigaStorATX Controllers (iStor).

16.    Further, Defendant 3PAR has been and now is indirectly infringing the '035

Patent by way of actively inducing infringement and/or contributing to the infringement of the

'035 Patent by users of Defendant 3PAR's products, such as the 3PAR InServ Storage Servers

models F200, F400, T400, T800, E200, S400, S800 and the 3PAR Inform Operating System by

among other things, making, using, offering for sale, selling, importing into the United States,

marketing, supporting, providing product instruction, and/or advertising certain of Defendant

3PAR's products, including the 3PAR InServ Storage Servers models F200, F400, T400, T800,

E200, S400, S800 and/or the 3PAR Inform Operating System.

17.    Further, Defendant American Megatrends has been and now is indirectly

infringing the '035 Patent by way of actively inducing infringement and/or contributing to the

infringement of the '035 Patent by users of Defendant American Megatrends products, such as

the StorTrends 3200i IP-SAN Appliance, StorTrends 3200ia IP-SAN Appliance, StorTrends

3200ib IP-SAN Appliance, StorTrends 2400i IP-SAN Appliance, StorTrends 2400im IP-SAN

Appliance, StorTrends 1300i IP-SAN Appliance, StorTrends 1300ia IP-SAN Appliance,

StorTrends 1300ib IP-SAN Appliance, StorTrends 3100i IP-SAN Appliance, StorTrends 2200i IP-SAN Appliance, StorTrends 2300i IP-SAN Appliance, and StorTrends 1110i IP-SAN Appliance by among other things, making, using, offering for sale, selling, importing into the United States, marketing, supporting, providing product instruction, and/or advertising certain of Defendant American Megatrends' products, including the StorTrends 3200i IP-SAN Appliance, StorTrends 3200ia IP-SAN Appliance, StorTrends 3200ib IP-SAN Appliance, StorTrends 2400i IP-SAN Appliance, StorTrends 2400im IP-SAN Appliance, StorTrends 1300i IP-SAN Appliance, StorTrends 1300ia IP-SAN Appliance, StorTrends 1300ib IP-SAN Appliance, StorTrends 3100i IP-SAN Appliance, StorTrends 2200i IP-SAN Appliance, StorTrends 2300i IP-SAN Appliance, and/or StorTrends 1110i IP-SAN Appliance.

18.    Further, Defendant Rorke has been and now is indirectly infringing the '035 Patent by way of actively inducing infringement and/or contributing to the infringement of the '035 Patent by users of Defendant Rorke products, such as the Galaxy Aurora Appliance, Galaxy Aurora LS Appliance, Galaxy HDX3 Appliance, Galaxy HDX2 Appliance, and Galaxy 3G Appliance by among other things, making, using, offering for sale, selling, importing into the United States, marketing, supporting, providing product instruction, and/or advertising certain of Defendant Rorke's products, including the Galaxy Aurora Appliance, Galaxy Aurora LS Appliance, Galaxy HDX3 Appliance, Galaxy HDX2 Appliance, and/or Galaxy 3G Appliance.

19.    Further, Defendant D-Link has been and now is indirectly infringing the '035 Patent by way of actively inducing infringement and/or contributing to the infringement of the '035 Patent by users of Defendant D-Link's products, such as the DSN-5110-10 iSCSI SAN Array, DSN-5210-10 iSCSI SAN Array, DSN-5410-10 iSCSI SAN Array, DSN-3400-10 iSCSI SAN Array, DSN-3200-10 iSCSI SAN Array, DSN-2100-10 iSCSI SAN Array, DSN-1100-10

iSCSI SAN Array, DSN-3400-20 iSCSI SAN Array, and DSN3200-20 iSCSI SAN Array by among other things, making, using, offering for sale, selling, importing into the United States, marketing, supporting, providing product instruction, and/or advertising certain of Defendant D-Link's products, including DSN-5110-10 iSCSI SAN Array, DSN-5210-10 iSCSI SAN Array, DSN-5410-10 iSCSI SAN Array, DSN-3400-10 iSCSI SAN Array, DSN-3200-10 iSCSI SAN Array, DSN-2100-10 iSCSI SAN Array, DSN-1100-10 iSCSI SAN Array, DSN-3400-20 iSCSI SAN Array, and/or DSN3200-20 iSCSI SAN Array.

20.    Further, Defendant Chelsio has been and now is indirectly infringing the '035 Patent by way of actively inducing infringement and/or contributing to the infringement of the '035 Patent by users of Defendant Chelsio's products, such as the USR-1100 Unified Storage Router, Unified Storage Server Software, and iSCSI Initiator/Target Software by among other things, making, using, offering for sale, selling, importing into the United States, marketing, supporting, providing product instruction, and/or advertising certain of Defendant Chelsio's products, including the USR-1100 Unified Storage Router, Unified Storage Server Software, and/or iSCSI Initiator/Target Software.

21.    Further, Defendant Chelsio-CA has been and now is indirectly infringing the '035 Patent by way of actively inducing infringement and/or contributing to the infringement of the '035 Patent by users of Defendant Chelsio-CA's products, such as the USR-1100 Unified Storage Router, Unified Storage Server Software, and iSCSI Initiator/Target Software by among other things, making, using, offering for sale, selling, importing into the United States, marketing, supporting, providing product instruction, and/or advertising certain of Defendant Chelsio-CA's products, including the USR-1100 Unified Storage Router, Unified Storage Server Software, and/or iSCSI Initiator/Target Software.

22.     Further, Defendant DataCore has been and now is indirectly infringing the '035 Patent by way of actively inducing infringement and/or contributing to the infringement of the '035 Patent by users of Defendant DataCore's products, such as the SANMelody Software, SANSymphony Software, and Virtual SAN Appliance Software by among other things, making, using, offering for sale, selling, importing into the United States, marketing, supporting, providing product instruction, and/or advertising certain of Defendant DataCore's products, including the SANMelody Software, SANSymphony Software, and/or Virtual SAN Appliance Software.

23.     Further, Defendant iStor has been and now is indirectly infringing the '035 Patent by way of actively inducing infringement and/or contributing to the infringement of the '035 Patent by users of Defendant iStor products, such as the USR-1100 Unified Storage Router, Unified Storage Server Software, and iSCSI Initiator/Target Software by among other things, making, using, offering for sale, selling, importing into the United States, marketing, supporting, providing product instruction, and/or advertising certain of Defendant iStor's products, including the USR-1100 Unified Storage Router, Unified Storage Server Software, and/or iSCSI Initiator/Target Software.

24.     Defendants have been on notice of the '035 Patent and have not ceased their infringing activities. The infringement of the '035 Patent by Defendants has been and continues to be willful and deliberate.

25.     Crossroads has been irreparably harmed by the Defendants' acts of infringement of the '035 Patent, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined and restrained by order of this Court.

26.     As a result of the acts of infringement of the '035 Patent by Defendants, Crossroads has suffered and will continue to suffer damages in an amount to be proven at trial.

**COUNT 2: INFRINGEMENT OF U.S. PATENT NO. 7,051,147**

27.     Crossroads incorporates by reference the allegations set forth in the preceding paragraphs.

28.     On May 23, 2006, United States Patent No. 7,051,147 (the "'147 Patent") was duly and legally issued.  A true and correct copy of the '147 Patent is attached hereto as Exhibit B.  Crossroads is the assignee and the owner of all right, title, and interest in and to the '147 Patent.  The '147 Patent is entitled to a presumption of validity.

29.     Defendants 3PAR and DataCore have directly infringed the '147 Patent and, on information and belief, Defendants 3PAR and DataCore continue to directly infringe the '147 Patent.

30.     Specifically, Defendants 3PAR and DataCore have directly infringed the '147 Patent by making, using, offering for sale, selling and/or importing into the United States certain of their storage products including at least the 3PAR InServ Storage Servers models F200, F400, T400, T800, E200, S400, S800 and the 3PAR Inform Operating System (3PAR) and the SANMelody Software with Fibre Channel support, SANSymphony Software with Fibre Channel support, and Virtual SAN Appliance Software with Fibre Channel support (DataCore).

31.     Further, Defendant 3PAR has been and now is indirectly infringing by way of actively inducing infringement and/or contributing to the infringement of the '147 Patent by users of Defendant 3PAR products, such as the 3PAR InServ Storage Servers models F200, F400, T400, T800, E200, S400, S800 and the 3PAR Inform Operating System by, among other things, making, using, offering for sale, selling, importing into the United States, marketing,

supporting, providing product instruction, and/or advertising certain of its products, including the 3PAR InServ Storage Servers models F200, F400, T400, T800, E200, S400, S800 and/or the 3PAR Inform Operating System.

32.    Further, Defendant DataCore has been and now is indirectly infringing by way of actively inducing infringement and/or contributing to the infringement of the '147 Patent by users of Defendant DataCore's products, such as the SANMelody Software with Fibre Channel support, SANSymphony Software with Fibre Channel support, and Virtual SAN Appliance Software with Fibre Channel support by, among other things, making, using, offering for sale, selling, importing into the United States, marketing, supporting, providing product instruction, and/or advertising certain of its products, including the SANMelody Software with Fibre Channel support, SANSymphony Software with Fibre Channel support, and Virtual SAN Appliance Software with Fibre Channel support.

33.    Defendants 3PAR and DataCore have been on notice of the '147 Patent, and have not ceased their infringing activities.  The infringement of the '147 Patent by Defendants 3PAR and DataCore has been and continues to be willful and deliberate.

34.    Crossroads has been irreparably harmed by Defendants 3PAR's and DataCore's acts of infringement of the '147 Patent and will continue to be harmed unless and until Defendants 3PAR's and DataCore's acts of infringement are enjoined and restrained by order of this Court.

35.    As a result of the acts of infringement of the '147 Patent by Defendants 3PAR and DataCore, Crossroads has suffered and will continue to suffer damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Crossroads requests this Court enter judgment as follows:

A.   That each of the Defendants has infringed the '035 Patent;

B.   That such infringement of the '035 Patent by Defendants has been willful;

C.   That Defendants account for and pay to Crossroads all damages caused by the infringement of the '035 Patent;

D.   That Crossroads receive enhanced damages from Defendants in the form of treble damages, pursuant to 35 U.S.C. § 284 based on Defendants' willful infringement of the '035 Patent;

E.   That Crossroads be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' infringement of the '035 Patent, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award;

F.   That Defendants 3PAR and DataCore have infringed the '147 Patent;

G.   That such infringement of the '147 Patent by Defendants 3PAR and DataCore has been willful;

H.   That Defendants 3PAR and DataCore account for and pay to Crossroads all damages caused by the infringement of the '147 Patent;

I.   That Crossroads receive enhanced damages from Defendants 3PAR and DataCore in the form of treble damages, pursuant to 35 U.S.C. § 284 based on Defendants 3PAR and DataCore's willful infringement of the '147 Patent;

J.   That Crossroads be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants 3PAR's and DataCore's

infringement of the '147 Patent, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award;

K.    That Defendants pay Crossroads all of Crossroads' reasonable attorneys' fees and expenses;

L.    That costs be awarded to Crossroads;

M.    That Defendants, their agents, employees, representatives, successors and assigns, and those acting in privity or in concert with them, be preliminarily and permanently enjoined from further infringement of the '035 Patent;

N.    That Defendants 3PAR and DataCore, their agents, employees, representatives, successors and assigns, and those acting in privity or in concert with Defendants 3PAR and DataCore, be preliminarily and permanently enjoined from further infringement of the '147 Patent;

O.    That this is an exceptional case under 35 U.S.C. § 285; and

P.    That Crossroads be granted such other and further relief as the Court may deem just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Crossroads hereby demands a trial by jury on all issues.

Dated:  September 21, 2010

Respectfully submitted,

By: _____

Steven Sprinkle
State Bar No. 00794962
Elizabeth J. Brown Fore
State Bar No. 24001795
Sprinkle IP Law Group, PC
1301 W. 25th Street, Suite 408
Austin, Texas 78705
Tel: (512) 637-9220
Fax: (512) 371-9088
ssprinkle@sprinklelaw.com
ebrownfore@sprinklelaw.com

*Attorneys for Plaintiff Crossroads
Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of September, 2010, I traditionally filed the foregoing with the Clerk of the Court which will send notification of such filing to the following:

Eric B. Meyertons
MEYERTONS, HOOD, KIVLIN,
    KOWART & GOETZEL, P.C.
700 Lavaca, Suite 800
Austin, Texas  78701,

and I hereby certify that I have sent true and correct copies of the foregoing via E-mail and U. S. First Class Mail, to the following non-CM/ECF participants:

Chris L. Drymalla (*Pro Hac Vice*)
MEYERTONS, HOOD, KIVLIN,
    KOWERT & GOETZEL, P.C.
700 Lavaca, Suite 800
Austin, Texas  78701
cdrymalla@intprop.com.

James Snell (for Chelsio Communications, Inc., a Delaware Corporation)
BINGHAM MCCUTCHEN LLP
1900 University Avenue
East Palo Alto, CA  94303-2223
james.snell@bingham.com

Ted Cannon (for iStor Networks, Inc.)
KNOBBE MARTENS
2040 Main Street, 14th Floor
Irvine, CA  92614
tcannon@kmob.com

Mike Sacksteder (for DataCore Software Corporation)
FENWICK & WEST
555 California Street, 12th Floor
San Francisco, CA  94104
msacksteder@fenwick.com

Lisa H. Meyerhoff (for Rorke Data, Inc.)
BAKER & MCKENZIE LLP
711 Louisiana, Suite 3400
Houston, TX  77002
lisa.meyerhoff@bakermckenzie.com

Matthew Kim
AMERICAN MEGATRENDS, INC.
5555 Oakbrook Parkway, Suite 200
Norcross, GA  30093
matthewk@ami.com.

Jose C. Villarreal (for 3PAR, Inc.)
WILSON, SONSINI, GOODRICH & ROSATI, PC
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, TX  78746
jvillarreal@wsgr.com

Victoria Hao (*Pro Hac Vice*)
LAW OFFICES OF S.J. CHRISTINE YANG
17220 Newhope Street, Suites 101-102
Fountain Valley, CA  92708
vhao@sjclawpc.com.

Elizabeth J. Brown Fore