IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CROSSROADS SYSTEMS, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>(1) 3PAR, INC.,<br>(2) AMERICAN MEGATRENDS, INC.,<br>(3) RORKE DATA, INC.,<br>(4) D-LINK SYSTEMS, INC.,<br>(5) CHELSIO COMMUNICATIONS, INC.,<br>(6) DATACORE SOFTWARE<br>  CORPORATION, and<br>(7) ISTOR NETWORKS, INC.,<br><br>Defendants. | CIVIL ACTION NO. 1:10-CV-00652-SS<br><br>JURY TRIAL DEMANDED |

**DEFENDANT 3PAR INC.'S**
**CONCISE STATEMENT OF NON-INFRINGEMENT**

Defendant 3PAR Inc. ("3PAR") states that it does not literally infringe, directly or indirectly, any claims of U.S. Pat. 6,425,035 ("the '035 patent") or U.S. Pat. 7,051,147 ("the '147 patent") as asserted by Plaintiff Crossroads Systems Inc. ("Crossroads").[1]  Specifically, Crossroads alleges that 3PAR's InServ Storage Servers ("accused servers") and InForm Operating System ("accused software") infringe the patents.  3PAR has filed a counterclaim seeking a declaration that its products do not infringe and that the asserted patents are invalid.

3PAR's non-infringement statement is of necessity preliminary for reasons including that 3PAR has not received discovery from Crossroads and claim construction proceedings have not been completed in this case.  Further, 3PAR expects to present expert testimony with further explanation of why the accused 3PAR products do not infringe, which will be disclosed in due course pursuant to the Court's rules and orders.  3PAR reserves its right to supplement or amend

---

[1] While 3PAR does not understand Crossroads to have alleged infringement under the doctrine of equivalents, 3PAR reserves its right to respond in due course should Crossroads advance such contentions.  3PAR further notes that the reasons for non-infringement by equivalents may equally rest on points set forth in this statement.

its positions herein based on further information obtained during discovery, claim construction or further investigation or in response to amendment or supplementation by Crossroads.

## I.  NON-INFRINGEMENT OF THE '035 PATENT[2]

### A.  Claim 1 ("A storage router...") and dependent claims 2-4[3]

The accused servers do not infringe claim 1 for at least the following reasons:  (1) The accused servers are not "storage routers" as claimed; they are storage arrays that provide storage for customer systems connected via external components.  (2) The accused servers do not have a "buffer providing memory work space for a storage router" as claimed; they have a control cache, which is different from the "buffer" as properly construed.  (3) The accused servers do not have a "first controller" and "second controller" as claimed; they have controller nodes that interface with storage drives, but these are not a "first controller" and "second controller" as properly construed.  (4) The accused servers do not have the claimed "supervisor unit."  They have a processor, but it is not "coupled to the first controller, the second controller and the buffer" as claimed, nor is it operable to perform the recited functions requiring such elements.  (5) The accused servers do not "map between devices connected to the first transport medium and the storage devices" or "implement access controls for storage space on the storage devices" as claimed.  For example, the accused servers provide storage in Virtual Volumes, which are different from the claimed "storage devices" as properly construed, and do not "create a correspondence between a host computer...and Virtual Volume LUN to create a path..." as alleged in Crossroads' claims charts; nor are they limited to such uses.  (6) The accused servers do not "allow access...using native low level, block protocols" as properly construed.  For example, the accused servers utilize a combination of commands and protocols other than the

---

[2]  3PAR notes that it may be unnecessary for the Court to address the technical issues of non-infringement in this case, as discovery is expected to show that the asserted claims of the '035 and '147 patents are anticipated and/or rendered obvious by prior art, invalid due to prior or incorrect inventorship, and/or unenforceable due to inequitable conduct.

[3]  For these and other asserted dependent claims, 3PAR states that the accused servers and software do not infringe any asserted dependent claim of the '035 or '147 patent for at least the reasons that they do not infringe the corresponding independent claim.

"SCSI commands" alleged by Crossroads. The accused software does not infringe claim 1 for at least the above reasons and the further reason that it is software, not a "storage router."

### B. Claim 7 ("A storage network...") and dependent claims 8-10

The accused servers do not infringe claim 7 for at least the following reasons: (1) The accused servers are not "storage networks" as claimed; they are storage arrays that provide storage for customer systems connected via external components. (2) The accused servers do not have a first and second transport medium or "a plurality of workstations..." as claimed. (3) For at least the reasons stated for claim 1, the accused servers are not "storage routers" and do not "map between the workstations and the storage devices," "implement access controls..." or "allow access...using native low-level block protocols with mapping and access controls..." as claimed, nor are they limited to such uses. The accused software does not infringe claim 7 for at least the above reasons and the further reason that it is software, not a "storage network."

### C. Claim 11 ("A method for...") and dependent claims 12-14

The accused servers and software do not infringe claim 11 for at least the following reasons: (1) 3PAR does not perform each step of the claimed method, which requires actions by other parties and additional hardware and/or software other than the accused 3PAR products. (2) For at least the reasons stated for claim 1, the accused servers and software do not perform the steps of "mapping..." or "allowing access...using native low level, block protocols" as claimed, nor are they limited to such uses.

## II. NON-INFRINGEMENT OF THE '147 PATENT[4]

### A. Claim 1 ("A storage router...") and dependent claims 2-4

The accused servers do not infringe claim 1 for at least the following reasons: (1) As stated for claim 1 of the '035 patent, the accused servers are not "storage routers" and do not have the claimed "buffer providing memory work space for the storage router" or first and

---

[4] According to Crossroads' Concise Statement (Doc. 91 n.1), "The principal difference between the two patents is that the '147 Patent requires that the transport mediums between the host and storage be fibre channel transport mediums." Hence, in 3PAR's statement of non-infringement of the '147 patent, 3PAR hereby incorporates by reference its discussion of the '035 patent.

3

second Fibre Channel controllers, as properly construed.  (2) The accused servers do not have a "supervisor unit" as claimed.  The accused servers have a processor, but this processor is not "coupled to the first and second Fibre Channel controllers and the buffer" as claimed, nor is it operable to perform the recited functions requiring such elements.  (3) The accused servers do not "maintain a configuration for remote storage devices..." as claimed.  For example, the accused servers provide storage in Virtual Volumes, which is different from the claimed element as properly construed, and do not "create a correspondence between a host computer...and Virtual Volume LUN to create a path..." as Crossroads alleges in its claims charts; nor are they limited to such uses.  (4) The accused servers do not "allow access...using native low level, block protocol in accordance with the configuration" as properly construed.  For example, the accused servers utilize a combination of commands and protocols other than the "SCSI storage commands" alleged by Crossroads.  The accused software does not infringe claim 1 for at least the above reasons and the further reason that it is software, not a "storage router."

    **B.  Claim 6 ("A storage network...") and dependent claims 7-9**

The accused servers and software do not infringe claims 6-9 of the '147 patent for at least the same reasons that they do not infringe claims 7-10 of the '135 patent.

    **C.  Claim 10 ("A method for providing...") and dependent claims 11-13**

The accused servers and software do not infringe claim 11 for at least the following reasons:  (1) 3PAR does not perform each step of the claimed method, which requires actions by other parties and additional hardware and/or software other than the accused 3PAR products.  (2) For at least the reasons stated for claim 1, the accused servers and software do not perform the claimed steps of "maintaining a configuration…that maps between the device and the remote storage devices and that implements access controls..." or "allowing access...using native low level, block protocol in accordance with the configuration," nor are they limited to such uses.

    **D.  Claim 14 ("An apparatus for providing...") and dependent claims 15, 16, 18, 19**

The accused servers do not infringe claim 14 for at least the reasons that, as stated for claim 1, the accused servers do not have first and second controllers or a "supervisor unit" as

claimed, and do not "control access…using native low level, block protocols according to a map…" as properly construed; nor are they limited to such uses. The accused software does not infringe claim 14 for at least the above reasons and the further reason that it is not an apparatus.

### E.  Claim 21 ("A system for providing...") and dependent claims 22, 23, 25, 26

The accused servers do not infringe claim 21 for at least the following reasons:  (1) The accused servers are not the claimed "system," which requires additional hardware and/or software other than the accused 3PAR products.  (2) For at least the reasons stated for claim 1, the accused servers do not have first and second controllers or an "access control device" as properly construed, and do not "map between the at least one device and a storage space" or "control access...using native low-level block protocols..." as claimed; nor are they limited to such uses.  The accused software does not infringe claim 21 for at least the above reasons and the further reason that it is software, not a "system" as claimed.

### F.  Claim 28 ("A method for providing...") and dependent claims 29, 30, 32, 33

The accused servers and software do not infringe claim 28 for at least the following reasons:  (1) 3PAR does not perform each step of the claimed method, which requires actions by other parties and additional hardware and/or software other than the accused 3PAR products.  (2) For at least the reasons stated for claim 1, the accused servers and software do not perform the steps of "mapping...," "implementing access controls..." or "allowing access...using native low level, block protocols..." as claimed, nor are they limited to such uses.

### G.  Claim 34 ("A system for providing...") and dependent claims 35, 37, 38

The accused servers do not infringe claim 34 for at least the following reasons:  (1) The accused servers are not the claimed "system," which requires additional hardware and/or software other than the accused 3PAR products. (2) For at least the reasons stated for claim 1, the accused servers do not have a "supervisor unit" and do not "maintain a configuration that maps..." or "implement access controls...using native low level, block protocols" as claimed, nor are they limited to such uses.  The accused software does not infringe claim 34 for at least the above reasons and the further reason that it is software, not a "system" as claimed.

DATED:  January 11, 2011          Respectfully Submitted,

/s/     Steven R. Daniels
Bryan Farney
Lead Attorney
Texas State Bar No. 06826600
Steven R. Daniels
Texas State Bar No. 24025318
George W. Webb III
Texas State Bar No. 24003146

DECHERT LLP
300 West 6th St., Suite 2010
Austin, TX  78701
Telephone:     (512) 394-3000
Facsimile:     (512) 394-3001
E-mail: bryan.farney@dechert.com
steven.daniels@dechert.com
george.webb@dechert.com

**COUNSEL FOR DEFENDANT /
COUNTER-CLAIMANT 3PAR INC.**

## **CERTIFICATE OF SERVICE**

I, certify that a true and correct copy of the foregoing

**DEFENDANT 3PAR INC.'S
CONCISE STATEMENT OF NON-INFRINGEMENT**

was filed with the Clerk of the Court on January 11, 2011 using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| **Elizabeth Brown Fore**<br>**Steven Robert Sprinkle**<br>Sprinkle IP Law Group<br>1301 W. 25th Street<br>Suite 408<br>Austin, TX 78705<br>(512) 637-9220<br>Fax: (512) 371-9088<br>Email: ebrownfore@sprinklelaw.com<br>          ssprinkle@sprinklelaw.com<br><br>*Counsel for Crossroads Systems, Inc.* | **Lisa H. Meyerhoff**<br>**Myall S. Hawkins**<br>**Tan Hoang Pham**<br>Baker & McKenzie LLP<br>711 Louisiana, Suite 3400<br>Houston, TX 77002<br>(713) 427-5005<br>Fax: (713) 427-5099<br>Email: Lisa.Meyerhoff@Bakermckenzie.com<br>          Myall.Hawkins@Bakermckenzie.com<br>          Tan.Pham@Bakermckenzie.com<br><br>*Counsel for Rorke Data, Inc.* |
| **Christine Yang**<br>**Duncan Palmatier**<br>**Ingrid Yang**<br>**Victoria Hao**<br>Law Offices of S.J. Christine Yang<br>17220 Newhope Street<br>Suite 101-102<br>Fountain Valley, CA 92708<br>714-641-4022<br>Fax: 714-641-2082<br>Email: cyang@sjclawpc.com<br>          dpalm@dpalmlaw.com<br>          iyang@sjclawpc.com<br>          vhao@sjclawpc.com<br><br>*Counsel for D-Link Systems, Inc.* | **Eric B. Meyertons**<br>**Chris L. Drymalla**<br>Meyertons, Hood, Kivlin, Lowert & Goetzel, P.C.<br>700 Lavaca<br>Suite 800<br>Austin, TX 78701<br>(512) 853-8800<br>Fax: 512/853-8801<br>Email: emeyertons@intprop.com<br>          cdrymalla@intprop.com<br><br>*Counsel for D-Link Systems, Inc.* |

| | |
|---|---|
| **Michael J Sacksteder** <br> Fenwick & West LLP <br> 555 California Street <br> 12th Floor <br> San Francisco, CA 94104 <br> 415-875-2300 <br> Fax: 415-281-1350 <br> Email: msacksteder@fenwick.com <br><br> *Counsel for DataCore Software Corp.* | **Patrick T. Weston** <br> **James Snell** <br> Bingham McCutchen LLP <br> 1900 University Avenue <br> East Palo Alto, CA 94303 <br> 650-849-4400 <br> Fax: 650-849-4800 <br> Email: Patrick.Weston@Bingham.com <br>            James.Snell@Bingham.com <br><br> *Counsel for Chelsio Communications, Inc., a Delaware Corp. and for Chelsio Communications, Inc., a California Corp.* |
| **Keith Miles Aurzada** <br> **Ryan Pumpian** <br> Bryan Cave LLP <br> 2200 Ross Avenue, Suite 3300 <br> Dallas, TX  75201 <br> 214-721-8000 <br> Fax:  214-721-8100 <br> Keith.aurzada@bryancave.com <br> Ryan.pumpian@bryancave.com <br><br> *Counsel for American Megatrends, Inc.* | **Price Ainsworth** <br> Law Offices of Price Ainsworth, P.C. <br> 48 East Avenue <br> Austin, TX  78701 <br> 512-233-1129 <br> Fax: 512-472-9157 <br> price@ainsworth-law.com <br><br> *Counsel for Chelsio Communications, Inc., a Delaware Corp. and for Chelsio Communications, Inc., a California Corp* |
| **Scott King Field** <br> The Field Law Firm <br> 9442 Capital of Texas Hwy. N. <br> Arboretum Plaza One, Suite 500 <br> Austin, TX  78759 <br> 512-343-3663 <br> Fax: 866-271-4431 <br> scott@thefieldlawfirm.com <br><br> *Counsel for iStor Networks, Inc.* | **William D. Chapman** <br> Julander, Brown, Bollard & Chapman <br> 9110 Irvine Center Drive <br> Irvine, CA  92618 <br> 949-477-2100 <br> wchapman@jbbclaw.com <br><br> *Counsel for D-Link S7ystems, Inc.* |

        /s/     Steven R. Daniels         
       Steven R. Daniels