IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CROSSROADS SYSTEMS, INC., § § Plaintiff, § § v. § § (1) 3PAR, INC., § (2) AMERICAN MEGATRENDS, INC., § (3) RORKE DATA, INC., § (4) D-LINK SYSTEMS, INC., § (5) CHELSIO COMMUNICATIONS, INC., §    (a Delaware Corporation), § (6) ISTOR NETWORKS, INC., and § (7) CHELSIO COMMUNICATION, INC., §    (a California Corporation), § § Defendants. § | CIVIL ACTION NO. 1:10-CV-652-SS JURY DEMANDED |

**PLAINTIFF CROSSROADS SYSTEMS, INC.'S RESPONSE
TO DEFENDANT RORKE DATA, INC.'S OBJECTIONS TO THE
REPORT AND RECOMMENDATIONS OF THE SPECIAL MASTER**

Plaintiff Crossroads Systems, Inc. ("Crossroads") hereby responds to Defendant Rorke Data, Inc.'s ("Rorke") Objections to the Report and Recommendations of the Special Master regarding United States Patent Nos. 7,051,147 and 6,425,035 ("Objections") issued August 10, 2011.

On September 19, 2011, Rorke filed its Objections arguing that the Special Master incorrectly construed the claim terms "device" and "access controls." Rorke's Objections re-hash old arguments made in Defendant's previous briefing and rejected by the Special Master in the Report and Recommendations. In lieu of responding to these arguments again, in the chart below Crossroads respectfully directs the Court to

the portions of Crossroads' previously filed briefs and portions of oral argument that address the issues Rorke raised again in its Objections.

As an initial matter, however, Rorke, in its Objections, incorrectly claimed that Crossroads never argued that "access controls" cover global storage or shared storage. Def.'s Obj. at 6. This is not true. Specifically, Crossroads respectfully directs the Court to the following two places where Crossroads specifically addressed the fact that "access controls" applies to shared storage (and that global storage is virtual local storage):

- Plaintiff Crossroads' 4/29/2011 Post-Hearing Markman Brief at 28 (stating, in part, "[a]s described with respect to Figure 3, global storage device 60 containing global data 65 is virtual local storage that is allocated to every workstation . . . . the Patents-In-Suit unequivocally describe that 'access controls' applies to the shared storage"); and

- 3/8/2011 Hr'g Tr., 239:9 – 240:18; Exs. A & B. Declaration of Elizabeth J. Brown Fore ("Fore Decl."), ¶2, Exs. A & B (stating, in part, at page 240, "the global data within [Figure 3] 65 is part of what has been allocated through the map" so that "that global data will be accessible by all of the workstations").

| SECTION OF DEFENDANT'S OBJECTION | DEFENDANT'S ARGUMENT | SECTION OF CROSSROADS' PLEADING WHERE RESPONSIVE ARGUMENT MAY BE FOUND |
|---|---|---|
| **ACCESS CONTROLS** | | |
| Defendant Rorke's claim from pages 4 – 6 of its Objections. | Rorke's overall claim is that "access controls" require a one-to-one correspondence between devices and allocated storage and that "access controls" do not allow "shared storage" or "global storage." | • 5/13/2011 Plaintiff Crossroads Systems, Inc.'s Reply To Defendants' Post-Hearing Markman Brief at 5; |

| | | |
|---|---|---|
| | | - 4/29/2011 Plaintiff Crossroads Systems, Inc.'s Post-Hearing Markman Brief at 27 - 29;<br><br>- 2/22/2011 Plaintiff Crossroads Systems, Inc.'s Markman Brief at 7 – 9; and<br><br>- 3/8/2011 Hr'g Tr., 21:13 – 24:20; 239:9 – 240:18. Fore Decl., ¶ 2, Exs. A & B. |
| Defendant Rorke's claim from pages 4-6 of its Objections. | Specifically, Rorke claims that "access controls" do not allow for "shared storage." | - 5/13/2011 Plaintiff Crossroads Systems, Inc.'s Reply To Defendants' Post-Hearing Markman Brief at 5;<br><br>- 4/29/2011 Plaintiff Crossroads Systems, Inc.'s Post-Hearing Markman Brief at 27 - 29;<br><br>- 2/22/2011 Plaintiff Crossroads Systems, Inc.'s Markman Brief at 8 – 9; and<br><br>- 3/8/2011 Hr'g Tr., 21:13 – 24:20; 239:9-240:18. Fore Decl., ¶ 2, Exs. A & B. |
| **DEVICE** | | |
| Defendant Rorke's claim from page 5 of its Objections. | Rorke claims that, in the specification and the Reexamination a "device" is a "computer." | - 4/29/2011 Plaintiff Crossroads Systems, Inc.'s Post-Hearing Markman Brief at 25 – 26; and |

|  |  | • 2/22/2011 Plaintiff Crossroads Systems, Inc.'s Markman Brief at 24-25. |

Dated:  September 29, 2011                              Respectfully submitted,


By:   /s/ Elizabeth J. Brown Fore
Steven Sprinkle
State Bar No. 00794962
Elizabeth J. Brown Fore
State Bar No. 24001795
Sprinkle IP Law Group, PC
1301 W. 25th Street, Suite 408
Austin, Texas 78705
Tel: (512) 637-9220
Fax: (512) 371-9088
ssprinkle@sprinklelaw.com
ebrownfore@sprinklelaw.com

*ATTORNEYS FOR PLAINTIFF
CROSSROADS SYSTEMS, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of September, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Lisa H. Meyerhoff
Myall S. Hawkins
Tan Hoang Pham
BAKER & MCKENZIE LLP
711 Louisiana, Suite 3400
Houston, TX  77002
lisa.meyerhoff@bakermckenzie.com
myall.hawkins@bakermckenzie.com
tan.pham@bakermckenzie.com

4

John van Loben Sels
Franklin E. Gibbs
Diane Barker
WANG, HARTMANN, GIBBS & CAULEY, P.L.C.
1301 Dove Street, Suite 1050
Newport Beach, CA  92660-2484
jvanlobensels@whgclaw.com
fgibbs@whgclaw.com
dbarker@whgclaw.com

Patton G. Lochridge
Travis C. Barton
MCGINNIS LOCHRIDGE & KILGORE, LLP
600 Congress Avenue, Suite 2100
Austin, TX  78701
plochridge@mcginnislaw.com
tcbarton@mcginnislaw.com

W. Bryan Farney (*Pro Hac Vice*)
Steven R. Daniels
George W. Webb III
FARNEY DANIELS LLP
800 S. Austin Avenue, Suite 200
Georgetown, TX  78626-5845
bfarney@farneydaniels.com
sdaniels@farneydaniels.com
gwebb@farneydaniels.com

　　　　　　　　　　　　　　　　　　*/s/ Elizabeth J. Brown Fore*
　　　　　　　　　　　　　　　　　　Elizabeth J. Brown Fore