IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CROSSROADS SYSTEMS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| 3PAR, INC., | § | |
| AMERICAN MEGATRENDS, INC., | § | |
| RORKE DATA, INC., | § | C.A. 1:10-CV-652-SS |
| D-LINK SYSTEMS, INC. | § | |
| CHELSIO COMMUNICATIONS, INC. (a | § | Jury Demanded |
| Delaware corporation), | § | |
| DATACORE SOFTWARE CORPORATION, | § | |
| ISTOR NETWORKS, INC., and | § | |
| CHELSIO COMMUNICATIONS, INC. (a | § | |
| California corporation), | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT RORKE DATA, INC.'S FIRST AMENDED ANSWER TO
PLAINTIFF'S SECOND AMENDED COMPLAINT AND COUNTERCLAIM**

Defendant Rorke Data, Inc. ("Rorke") files its First Amended Answer to Plaintiff

Crossroads Systems, Inc.'s Second Amended Complaint for Patent Infringement (the

"Complaint"). Each numbered paragraph of the First Amended Answer corresponds to the same

numbered paragraph of the Second Amended Complaint.

1.      Rorke lacks knowledge or information sufficient to form a belief as to the

truthfulness of the allegations contained in Paragraph 1 of the Complaint, and therefore denies

same.

2.      Rorke lacks knowledge or information sufficient to form a belief as to the

truthfulness of the allegations contained in Paragraph 2 of the Complaint, and therefore denies

same.

3.      Rorke lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 3 of the Complaint, and therefore denies same.

4.      Rorke admits the allegations contained in Paragraph 4 of the Complaint.

5.      Rorke lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 5 of the Complaint, and therefore denies same.

6.      Rorke lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 6 of the Complaint, and therefore denies same.

7.      Rorke lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 7 of the Complaint, and therefore denies same.

8.      Rorke lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 8 of the Complaint, and therefore denies same.

9.      Rorke admits the allegations contained in Paragraph 9 of the Complaint.

10.     Rorke admits the allegations contained in Paragraph 10 of the Complaint as to Rorke. Rorke lacks knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 10 of the Complaint regarding the other Defendants, and therefore denies same.

11.     Rorke lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 11 of the Complaint, and therefore denies same.

12.     Rorke lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 12 of the Complaint, and therefore denies same.

13.     Rorke denies that it has directly infringed the '035 Patent or continues to directly infringe the '035 Patent, as alleged in Paragraph 13 of the Complaint. Rorke lacks knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 13 of the Complaint regarding the other Defendants, and therefore denies same.

14.     Rorke denies that it has directly infringed the '035 Patent by making, using, offering for sale, selling and/or importing into the United States its Galaxy Aurora Appliance, Galaxy Aurora LS Appliance, Galaxy HDX3 Appliance, Galaxy HDX2 Appliance, and Galaxy 3G Appliance, as alleged in Paragraph 14 of the Complaint. Rorke lacks knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 14 of the Complaint regarding the other Defendants, and therefore denies same.

15.     Rorke lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 15 of the Complaint, and therefore denies same.

16.     Rorke lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 16 of the Complaint, and therefore denies same.

17.     Rorke denies the allegations contained in Paragraph 17 of the Complaint.

18.     Rorke lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 18 of the Complaint, and therefore denies same.

19.     Rorke lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 19 of the Complaint, and therefore denies same.

20.     Rorke lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 20 of the Complaint, and therefore denies same.

21.     Rorke lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 21 of the Complaint, and therefore denies same.

22.     Rorke denies the allegations contained in Paragraph 22 of the Complaint as to Rorke. Rorke lacks knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 22 of the Complaint regarding the other Defendants, and therefore denies same.

23.     Rorke denies the allegations contained in Paragraph 23 of the Complaint as to Rorke and denies that Crossroads is entitled to any of the relief requested in Paragraph 23 of the Complaint as to Rorke. Rorke lacks knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 23 of the Complaint regarding the other Defendants, and therefore denies same.

24.     Rorke denies the allegations contained in Paragraph 24 of the Complaint as to Rorke. Rorke lacks knowledge or information sufficient to form a belief as to the truthfulness of

the remaining allegations contained in Paragraph 24 of the Complaint regarding the other Defendants, and therefore denies same.

25.    Rorke incorporates by reference its responses to Paragraphs 1-24 as if fully set forth herein.

26.    Rorke lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 26 of the Complaint, and therefore denies same.

27.    Rorke lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 27 of the Complaint, and therefore denies same.

28.    Rorke lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 28 of the Complaint, and therefore denies same.

29.    Rorke lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 29 of the Complaint, and therefore denies same.

30.    Rorke lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 30 of the Complaint, and therefore denies same.

31.    Rorke lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 31 of the Complaint, and therefore denies same.

32.     Rorke lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 32 of the Complaint, and therefore denies same.

## PRAYER FOR RELIEF

Rorke denies that Crossroads is entitled to any of the relief requested in Paragraphs A-P of the Prayer for Relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### (Failure to State a Claim)

Plaintiff's Complaint fails to state any claim against Rorke upon which relief may be granted.

### SECOND DEFENSE
### (Non-Infringement)

Rorke has not infringed, and is not infringing, any valid and enforceable claim of the '035 Patent, either literally or under the Doctrine of Equivalents, nor has Rorke induced or contributed to the infringement of any valid and enforceable claim of the '035 Patent.

### THIRD DEFENSE
### (Laches, Estoppel, Waiver)

Plaintiff's claims for relief against Rorke are barred in whole or in part by the doctrines of laches, estoppel and/or waiver.

### FOURTH DEFENSE
### (Prosecution History Estoppel)

Plaintiff's claims against Rorke are barred in whole or in part by the doctrine of prosecution history estoppel.

## FIFTH DEFENSE
## (35 U.S.C. § 287)

Plaintiff's claims for recovery from Rorke are barred, in whole or in part, by 35 U.S.C. § 287.

## SIXTH DEFENSE
## (Patent Exhaustion)

Plaintiff's claims against Rorke are barred in whole or in part by the doctrine of patent exhaustion.

## SEVENTH DEFENSE
## (Invalidity)

The claims of the '035 Patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq.*

## DEFENDANT'S COUNTERCLAIM

Defendant/Counterplaintiff Rorke Data, Inc. ("Rorke" or "Counterplaintiff") asserts this counterclaim against Plaintiff/Counterdefendant Crossroads Systems, Inc. ("Crossroads" or "Counterdefendant") and for cause alleges as follows:

## I. THE PARTIES

1.      Counterplaintiff Rorke is a Minnesota corporation, with its principal place of business at 7626 Golden Triangle Drive, Eden Prairie, MN 55344-3742.

2.      According to Counterdefendant's Second Amended Complaint, Counterdefendant is a Delaware corporation and is doing business in this District.

## II. JURISDICTION AND VENUE

3.      The Court has subject matter jurisdiction over this controversy under 28 U.S.C. §§ 1331 and 1338(a) and (b) because it is a civil action involving a federal question. The Court also has subject matter jurisdiction over this controversy under 28 U.S.C. § 1332 as the action is between citizens of different states and the amount in controversy in this action, exclusive of

interest and costs, exceeds the sum of $75,000. The Court also has subject matter jurisdiction over this controversy under 28 U.S.C. § 2201.

4.      The Court has personal jurisdiction over Counterdefendant because Counterdefendant's principal place of business is in the forum, and Counterdefendant regularly conducts business in the forum.

5.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c).

**COUNT ONE**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

6.      Rorke incorporates by reference the allegations contained in Paragraphs 1 through 5, as if fully set forth herein.

7.      An actual controversy exists between Rorke and Crossroads regarding the alleged acts of infringement by Rorke of Crossroads' intellectual property, as identified in Plaintiff's averments in the Second Amended Complaint and Rorke's First Amended Answer to the Second Amended Complaint.

8.      Rorke has not infringed and does not infringe the '035 Patent by any product(s) that Rorke makes, uses, offers for sale and/or sells or any method that Rorke uses.

9.      This is an exceptional case under 35 U.S.C. § 285 and Rorke is entitled to an award of its costs, expenses and reasonable attorneys' fees.

**COUNT TWO**
**DECLARATORY JUDGMENT OF INVALIDITY**

10.      Rorke incorporates by reference the allegations contained in Paragraphs 1 through 9, as if fully set forth herein.

11.      An actual controversy exists between Rorke and Crossroads with respect to the validity of the '035 Patent.

12.     The claims of the '035 Patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq.*

13.     Rorke is entitled to a declaratory judgment that the claims of the '035 Patent are invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant/Counterplaintiff Rorke respectfully requests that this Court enter a judgment against Plaintiff/Counterdefendant as follows:

1.     A declaration that Plaintiff take nothing by reason of the Second Amended Complaint and that the Second Amended Complaint be dismissed with prejudice;

2.     A declaration that Rorke's products and services do not infringe any claims of the '035 Patent;

3.     A declaration that the claims of the '035 Patent are invalid.

4.     The Court award to Rorke the costs of this suit, including costs to defend against Plaintiff's claims and for Rorke's Counterclaim;

5.     The Court declare this an exceptional case under 35 U.S.C. § 285 and award to Rorke its reasonable attorneys' fees; and

6.     The Court award Rorke such other further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Rorke hereby requests a trial by jury of the issues so triable herein.

Respectfully submitted,


 /s/ John D. van Loben Sels

| | |
|---|---|
| Lisa H. Meyerhoff (TX Bar No. 14000255) | John D. van Loben Sels (Texas Bar No. 794780) |
| Email:  Lisa.Meyerhoff@bakermckenzie.com | Email: johnvanlobensels@whgclaw.com |
| Myall S. Hawkins (TX Bar No. 09250320) | WANG, HARTMANN, GIBBS & CAULEY, PLC |
| Email:  Myall.Hawkins@bakermckenzie.com | 2570 West El Camino Real, Suite 440 |
| BAKER & McKENZIE LLP | Mountain View, CA  94040 |
| Pennzoil Place, South Tower | (650) 209-1230 |
| 711 Louisiana, Suite 3400 | |
| Houston, TX  77002-2746 | Patton C. Lochridge (Texas Bar No. 12458500) |
| Telephone No. +1 713 427 5000 | Email:  plochridge@mcginnislaw.com |
| Facsimile No. +1 713 427 5099 | Travis C. Barton (Texas Bar No. 7902276) |
| | Email: tcbarton@mcginnislaw.com |
| | MCGINNIS, LOCHRIDGE & KILGORE, LLP |
| | 1300 Capitol Center |
| | 919 Congress Avenue |
| | Austin, TX 78701 |
| | (512) 495-6000 |

Attorneys for Defendant Rorke Data, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

                                           /s/John D. van Loben Sels
                                           John D. van Loben Sels

**Elizabeth Brown Fore**
**Steven Robert Sprinkle**
Sprinkle IP Law Group
1301 W. 25th Street Suite 408
Austin, TX 78705
Tel: (512) 637-9220
Fax: (512) 371-9088
Email: ebrownfore@sprinklelaw.com
Email: ssprinkle@sprinklelaw.com

*Counsel for Plaintiff, Crossroads Systems, Inc.*

**George W. Webb , III**
Farney Daniels LLP
800 S. Austin Ave. Suite 200
Georgetown, TX 78626
512-582-2838
Email: gwebb@farneydaniels.com

**W. Bryan Farney**
Farney Daniels LLP
800 S. Austin Ave.
Suite 200
Georgetown, TX 78626
(512)582-2828
Fax: (512)582-2829
Email: BFarney@farneydaniels.com

*Counsel for 3PAR, Inc.*

**Steven R. Daniels**
Farney Daniels LLP
800 S. Austin Ave.
Suite 200
Georgetown, TX 78626
(512)582-2828
Fax: (512)582-2829
Email: SDaniels@farneydaniels.com

**Karl O. Bayer, Jr.**
**Alyson Chaky**
Karl Bayer, Attorney
8911 N. Capital of Texas Hwy. Suite 2120
Austin, TX 78759-7200
Tel: (512) 345-8537
Fax: (512) 345-9469
Email: karl@karlbayer.com
Email: alyson@karlbayer.com

***Special Master***