IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CROSSROADS SYSTEMS, INC., § § Plaintiff, § § v. § § (1) 3PAR, INC. § (2) AMERICAN MEGATRENDS, INC., § (3) RORKE DATA, INC., § (4) D-LINK SYSTEMS, INC., § (5) CHELSIO COMMUNICATIONS, INC., § (a Delaware Corporation), § (6) ISTOR NETWORKS, INC., and § (7) CHELSIO COMMUNICATIONS, INC., § (a California Corporation), § § Defendants. § | CIVIL ACTION NO. 1:10-CV-652-SS JURY DEMANDED |

**PLAINTIFF CROSSROADS SYSTEMS, INC.'S REPLY TO DEFENDANT RORKE DATA, INC.'S FIRST AMENDED COUNTERCLAIMS FILED IN RESPONSE TO CROSSROADS SYSTEMS, INC.'S SECOND AMENDED COMPLAINT**

Plaintiff Crossroads Systems, Inc. ("Crossroads") files this its Reply to the amended counterclaims filed in Defendant Rorke Data, Inc.'s ("Rorke Data") First Amended Answer to Crossroads' Second Amended Complaint ("Counterclaims"). Crossroads responds below to the Counterclaims of Rorke Data. All allegations not expressly admitted are denied.

**REPLY TO COUNTERCLAIMS**

1. Crossroads lacks sufficient knowledge to admit or deny the allegations of paragraph 1 of Rorke Data's Counterclaims; and therefore denies the same.

2. Crossroads admits the allegations of paragraph 2 of Rorke Data's Counterclaims.

3. With respect to the allegations of paragraph 3 of Rorke Data's Counterclaims, Crossroads admits that this Court has jurisdiction over the subject matter of these Counterclaims

pursuant to 28 U.S.C. §§ 1331, 1338, and 2201. Crossroads lacks sufficient knowledge to admit or deny the allegations of Rorke Data regarding subject matter jurisdiction under 28 U.S.C. § 1332 and therefore denies the same. Crossroads denies that Rorke Data is entitled to a declaratory judgment or any other relief. Except as expressly admitted, Crossroads denies the allegations of paragraph 3 of the Counterclaims.

    4.    Crossroads admits the allegations of paragraph 4 of Rorke Data's Counterclaims.

    5.    Crossroads admits the allegations of paragraph 5 of Rorke Data's Counterclaims.

    6.    With respect to the allegations of paragraph 6 of Rorke Data's Counterclaims, Crossroads incorporates by reference its reply, above, to paragraphs 1-5 of Rorke Data's Counterclaims.

    7.    Crossroads admits the allegations of paragraph 7 of Rorke Data's Counterclaims.

    8.    Crossroads denies the allegations of paragraph 8 of Rorke Data's Counterclaims.

    9.    Crossroads denies that this is an exceptional case such that Rorke Data is entitled to an award of its costs, expenses, or reasonable attorneys' fees. Crossroads admits and has pled that this is an exceptional case under 35 U.S.C. § 285 for which Crossroads is entitled to all relief authorized pursuant to 35 U.S.C. § 285.

    10.    Crossroads repeats and re-alleges the allegations set forth in paragraphs 1 through 9 of Crossroads' Reply to the Counterclaims, above, as if set forth in full herein.

    11.    Crossroads admits that Rorke Data's allegations of invalidity of U.S. Patent 6,425,035 (the "'035 Patent") have created an actual and justiciable controversy with Crossroads. Crossroads, however, denies that Rorke Data is entitled to a declaration of invalidity to resolve this controversy.

    12.    Crossroads denies the allegations of paragraph 12 of Rorke Data's Counterclaims.

13.     Crossroads denies the allegations of paragraph 13 of Rorke Data's Counterclaims.

## PRAYER FOR RELIEF

Crossroads hereby incorporates by reference its answers to all paragraphs in the Counterclaims as though fully set forth herein. Crossroads denies that Defendant Rorke Data is entitled to any relief requested in its Counterclaims.

WHEREFORE, PREMISES CONSIDERED, Crossroads demands judgment against Counterclaimant Rorke Data as follows:

(a)     Dismissal of the Counterclaims in their entirety;

(b)     An award to Crossroads of its attorneys' fees and expenses incurred in this action;

(c)     All relief as specified in Crossroads' live pleading, said request for relief being incorporated by reference; and

(d)     Such other relief as the Court deems just and proper.

Dated: November 18, 2011                                  Respectfully submitted,


By: /s/ Elizabeth J. Brown Fore
Steven Sprinkle
State Bar No. 00794962
Elizabeth J. Brown Fore
State Bar No. 24001795
Sprinkle IP Law Group, PC
1301 W. 25th Street, Suite 408
Austin, Texas 78705
Tel: (512) 637-9220
Fax: (512) 371-9088
ssprinkle@sprinklelaw.com
ebrownfore@sprinklelaw.com

*Attorneys for Plaintiff*
*Crossroads Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of November, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Lisa H. Meyerhoff
Myall S. Hawkins
Tan Hoang Pham
BAKER & MCKENZIE LLP
711 Louisiana, Suite 3400
Houston, TX 77002
lisa.meyerhoff@bakermckenzie.com
myall.hawkins@bakermckenzie.com
tan.pham@bakermckenzie.com

John van Loben Sels
Franklin E. Gibbs
Diane Barker
WANG, HARTMANN, GIBBS & CAULEY, P.L.C.
1301 Dove Street, Suite 1050
Newport Beach, CA 92660-2484
jvanlobensels@whgclaw.com
fgibbs@whgclaw.com
dianebarker@whgclaw.com

Patton G. Lochridge
Travis C. Barton
McGINNIS LOCHRIDGE & KILGORE, LLP
600 Congress Avenue, Suite 2100
Austin, TX 78701
plochridge@mcginnislaw.com
tcbarton@mcginnislaw.com

                                                         */s/ Elizabeth J. Brown Fore*
                                                        Elizabeth J. Brown Fore